IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BERES, | ) | CASE NO. 1:14-cv-01448 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

Plaintiff William Beres ("Plaintiff") challenges the final decision of Defendant, Carolyn M. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his application for Social Security benefits. Doc. 1. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.

Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, the Court should DENY the Plaintiff's IFP motion (Doc. 2) and Plaintiff should be required to pay the filing fee in this matter.

**I. Relevant background**

On July 1, 2014, Plaintiff, through counsel, filed his Complaint and a motion to proceed IFP. Docs. 1 & 2. In the affidavit and application in support of his IFP motion, Plaintiff indicated that his average monthly income from retirement sources is $1,327.00[1] and that his

---

[1] Plaintiff also indicated interest and dividends of $64 monthly.

spouse's average monthly income from employment during the past 12 months was $4,817[2], i.e., Plaintiff and his spouse had a joint yearly income of $74,496. Plaintiff indicated that he and his spouse own a home worth $230,000 and two vehicles: a 2007 Subaru valued at $9,247 and a 2012 Subaru valued at $22,668. Plaintiff indicated that he and his wife have $3,970 in checking accounts and $3,000 in a savings account, totaling $6,970. Plaintiff also indicated that he has $9,187 in GE stock and $17,620 in bonds.

Plaintiff stated that his monthly expenses are $2,993 and his spouse's monthly expenses are $2,950, i.e., Plaintiff and his spouse have joint monthly expenses of $5,943. Those expenses include two mortgage payments (one of $509 and one of $250), a $410 student loan payment, and $310 in credit card payments to Chase and retail establishments. Plaintiff does not have any dependents who rely on him for support.

## II. Law and Analysis

28 U.S.C. §1915 provides that this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *Ciavarella v. Comm'r of Soc. Sec.*, 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (J. Gwin) (quoting 28 U.S.C. § 1915(a)(1)). As recognized by the Sixth Circuit, "pauper status does not require absolute destitution." *Id.* (quoting *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x. 239, 240 (6th Cir. 2001)). "Rather, the relevant question is 'whether the court costs can be paid without undue hardship.'" *Id.*

---

[2] Plaintiff indicated that his spouse's monthly income was expected to increase to $4,910 the next month.

"The decision whether to permit a litigant to proceed IFP is within the Court's discretion." *Id.* (citing *Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn), *aff'd,* 788 F.2d 1 (2d Cir. 1985) (Table Decision)). In reviewing IFP applications, courts have considered an IFP applicant's monthly income in conjunction with his other financial resources such as resources of a spouse, interests in real estate, and automobiles. *See Ciavarella*, 2013 WL 5354091, at *1 (quoting *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 WL 502781, at *1, n1 (D. Minn. Feb. 5, 2010); citing *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012); *Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009); *Monti*, 600 F. Supp. 112, 114).

IFP applications have been denied where an applicant's assets exceed the cost of filing the complaint. *Ciavarella*, 2013 WL 5354091, at *2 (denying IFP application where plaintiff reported no future monthly income but $9,549 in checking and savings accounts as well as a home worth $166,000 and a 401K account worth $25,315.37 even though plaintiff's monthly liabilities exceeded his monthly income); *see also Behmlander*, 2012 WL 5457466 at *2 (denying IFP application where plaintiff's monthly income was $2,500, ownership interest in her house was valued at $30,000, and she had no dependents); *Powell v. Harris,* No. 1:08–CV–344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Bloom v. San Diego County Offices of Health and Human Services*, No. 07-CV-1692, 2007 WL 2782562, at *1 (S.D. Ca. Sept. 25, 2007) (denying IFP application where plaintiff had no dependents and owned a vehicle); *Brown v. Dinwiddle,* 280 Fed. Appx. 713, 715–16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal).

Here, Plaintiff's application reflects that he and his spouse have a joint income of $74,496 a year.[3] Plaintiff also owns two vehicles, one of which is relatively new and worth $22,668; the other is worth $9,247. He indicates that he and his spouse have a home worth $230,000 and that he has $6,970 in checking and savings, more than the cost of filing his complaint. In light of Plaintiff's income and assets, it appears Plaintiff possesses the financial ability to cover the costs of filing the complaint without undue financial hardship; therefore, the IFP application should be denied.

### III. Conclusion

For the foregoing reasons, the Court should DENY Plaintiff's motion to proceed IFP and require Plaintiff to pay the filing fee in this matter.

Dated: July 21, 2014

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] Notably, plaintiff and his spouse's yearly income far exceeds the 2013 Poverty Guideline for a family of two people, which is $15,510. *See* http://aspe.hhs.gov/poverty/13poverty.cfm#guidelines. (Last visited July 18, 2014). Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.